# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:    DAVID COLETTA | : | Chapter 11 |
| | : | |
| Debtor(s) | : | |
| | : | Bky. No. 07-10285ELF |
| | : | |

# O R D E R

**AND NOW WHEREAS,** on October 29, 2007, Nicholas Mattera having filed a Motion to Reopen Closed Case and Annul Automatic Stay ("the Motion to Annul") (Docket Entry Nos. 18, 21-22) in the above case;

**AND**, by Memorandum Opinion and Order dated December 17, 2007 and entered December 19, 2007, the court having granted the Motion to Annul in large part (Docket Entry No. 26);

**AND**, on December 21, 2007, the Debtor having filed a motion entitled "Motion to Reconsider Memorandum Opinion and Order Dated December 17, 2007" ("the Motion to Reconsider") (Docket Entry No. 27);

**AND**, the purpose of a motion for reconsideration being to correct manifest errors of law or fact or to present newly discovered evidence. E.g., Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895 (1986);

**AND**, it being an accepted legal principle that "courts should grant such motions sparingly because of their strong interest in finality of judgment; "[1]

---

[1]   Because of the courts' interest in the finality of judgments, "[m]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and

**AND**, the Motion to Reconsider failing to present: (a) arguments not previously considered by the court; (b) any persuasive argument that the court previously committed a manifest error of law or (c) any newly discovered evidence.[2]

---

considered and decided by the Court." Ciena Corp. v. Corvis Corp., 352 F.Supp.2d 526, 527 (D. Del. 2005). A motion for reconsideration may not be used to give a litigant a "second bite at the apple." See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one. A motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990) (quoted in Bhatnagar, 52 F.3d at 1231). Therefore, it is "improper ... to ask the Court to rethink what [it] had already thought through-rightly or wrongly." Glendon Energy Co. v. Bor. of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

PBI Performance Products, Inc. v. NorFab Corp., 514 F.Supp.2d 732, 743-444 (E.D. Pa. 2007); accord, In re Kuhar, 2007 WL 2245912, *2 (Bankr. E.D. Pa. Aug. 1, 2007) (citations omitted);

[2]  For the most part, the Motion to Reconsider reflects nothing more than the Debtor's dissatisfaction with my resolution of the competing interests that I identified and considered in ruling on the Motion to Annul. I discussed those competing interests with specificity in the Memorandum Opinion. I will not repeat that process simply because the Debtor is disappointed with the outcome of the litigation.

The Motion to Reconsider does articulate one point that might be considered to be an argument that I committed a manifest error of law. The Debtor contends that the "[o]rder is unprecedented in allowing the factor of notice of the bankruptcy filing at the time of filing to play a crucial if not determinative role in the determination of whether a stay can be annulled." Debtor's Motion ¶9. The Debtor expresses a concern that my decision establishes a precedent that "will be extremely damaging to pro se parties" and that "seriously undermines the automatic stay." Id.

Respectfully, I suggest that the Debtor has misinterpreted the Memorandum Opinion. I did not annul the stay simply because the Debtor failed to give notice of the bankruptcy filing to Mattera after the Debtor filed his chapter 11 bankruptcy petition. Rather, I annulled the stay after I: (1) found that the Debtor's conduct after he filed the petition and failed

2

It is hereby **ORDERED** that

1. The Motion to Reconsider is **DENIED.**

2. The hearing presently scheduled for **January 30, 2008** is **CANCELED.**

Date:   January 9, 2008

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

---

to give prompt notice of the case to Mattera was itself inequitable and (2) considered, inter alia, the relative culpability of the parties. See In re Coletta, 2007 WL 4380007, at 6-8 (Bankr. E.D. Pa. Dec.17, 2007). I also observe that this case does not involve a pro se debtor, but one who was represented by experienced bankruptcy counsel at all relevant times.